UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ARIE ZMORA, GEOFFREY TABAKIN,
LAURINDA STRYKER and ROBBI HOY,
and all others similarly situated,

Plaintiffs,

v.

STATE OF MINNESOTA; MINNESOTA STATE COLLEGES AND UNIVERSITY SYSTEM (MNSCU); BOARD OF TRUSTEES OF THE MINNESOTA STATE COLLEGES AND UNIVERSITIES; ST. CLOUD STATE UNIVERSITY; JAMES H. MCCORMICK; ROY H. SAIGO; RICHARD D. LEWIS DON L. HOFSOMMER, and THE INTER FACULTY ORGANIZATION;

Defendants.

Civil No. 01-1905 (RHK/JMM)

PRETRIAL SCHEDULING ORDER

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy and inexpensive determination of this action, the following schedule shall govern these proceedings. The schedule may be modified only upon formal motion and a showing of good cause as required by Local Rule 16.3.

Pleadings

April 1, 2002 - All motions which seek to amend the pleadings or add parties must be served and filed.

September 1, 2002 - All motions of any kind relating to class action allegations, including motions to determine whether the action shall be maintained as a class action, and all supporting materials shall be served and filed by this date. See Rule 23(c)(1) of the Federal Rules of Civil Procedure and Local Rule 7. Plaintiffs shall obtain a hearing date from the Calendar Clerk of the District Court.

Filed JAN 28 2002
Richard Sletten, Clerk
Judgment Entered ____________
Deputy Clerk's Initials ____________

| | |
|---|---|
| October 1, 2002 - | Defendants' Response to any class action motion shall be served and filed. |
| October 15, 2002 - | Plaintiffs' Reply shall be served and filed. |

Discovery/Nondispositive Motions/Dispositive Motions/Trial

The parties may undertake discovery during the pendency of the Motions relating to class actions. It is to be expected that discovery will relate primarily to class action issues. Promptly after the decision of the District Court on the Motion for a Class Action, the parties shall schedule a pretrial conference at which this Court will establish the remaining deadlines for completion of all discovery, the submission of expert witness reports, and the presentation of Motions.

General

The Court does not expressly limit the number of depositions or written discovery devices which may be employed by the parties. The attention of the parties is called to the provisions of Rule 26(g). If necessary, the Court will rule on objections to specific discovery. See also Rule 37(a)(4).

Dated: January 28, 2002

JOHN M. MASON
United States Magistrate Judge

MEMORANDUM

We have modified somewhat the schedule proposed by counsel for Plaintiffs, in which Defendants had acquiesced. This case was commenced by the filing of a Complaint on October 17, 2001 [Docket No. 1]. Defendant Inter Faculty Organization ("IFO") filed an Answer to that Complaint on November 7, 2001 [Docket No. 2]. Counsel for Plaintiffs entered into a Stipulation with Counsel for Defendant Inter Faculty Organization agreeing that Plaintiffs may Amend their Complaint. Plaintiffs failed to present the Stipulation and Amended Complaint to the Court for approval, but rather

mailed them to the Clerk of Court on December 12, 2001. The Clerk received the pleadings on December 14, 2001, but retained the pleadings without filing them, since no Court Order had been obtained which would permit the filing. After the pretrial conference, this Court obtained the Stipulation and Amended Complaint from the Clerk, and has now entered an Order permitting the filing of the Amended Complaint nunc pro tunc December 14, 2001. On December 14, 2001, Defendants other than IFO filed their Answer to the Amended Complaint [Docket No. 3].

The schedule we have adopted will provide approximately six months from the date the Complaint was initially filed until the deadline for making a Motion to Amend the Complaint or add parties, and a lesser time for Defendants to amend their Answer. It will provide seven months for the Plaintiffs to take discovery on issues relating to the Motion for Class Certification, and to prepare the necessary pleadings in support of that Motion. While we have not overlooked the cases called to our attention by counsel for Plaintiffs in which longer periods of time have elapsed, we believe that the substantial time we have afforded is adequate, having in mind the special concerns in class-action litigation. See also 7A Wright-Miller-Kane, Federal Practice and Procedure (1926), § 1769.1 ("In sum, the lawyers must be willing and able to vigorously prosecute the action").

The provisions of Rule 23(c)(1), require that "as soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained." We agree with the authors of a learned treatise, who concluded:

> "[T]he court has an independent obligation to decide whether an action brought on a class basis is to be so maintained even if neither of the parties moves for a ruling under subdivision (c)(1). If the court were obliged to wait for a motion before making its determination, the parties would then control the

> timing for deciding the issue, and this could lead to abuses. For example, allowing the parties to delay the decision is unsatisfactory because of the obligation to give notice of the institution of the litigation to members of the class in an action under Rule 23(b)(3), and because the court generally should order notice given to class members in actions under Rule 23(b)(1) and Rule 23(b)(2). The longer the certification is postponed, the less the value of the notice to allow the absent class members to intervene or express their concerns to the court."

7B Wright-Miller-Kane, Federal Practice and Procedure, (1986) § 1785, pp. 89-92.

J.M.M.