UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Arie Zmora, Geoffrey Tabakin,
Laurinda Stryker, Robbi Hoy, and all
others similarly situated
Plaintiffs,

Court File No: 01-CV-1905 RHK/JMM

v.

State of Minnesota, the Minnesota State
College and University System, the
Board of Trustees of the Minnesota State
Colleges and Universities, St. Cloud State
University, James H. McCormick, Roy H.
Saigo, Richard D. Lewis, Don L. Hofsommer,
and Suzanne L. Williams
Defendants,

**PROTECTIVE ORDER**

and

The Inter-Faculty Organization
Defendant-Indispensable Party

Pursuant to Rule 26(c) of the Minnesota Rules of Civil Procedure, the Minnesota Government Data Practices Act, Minn. Stat. § 13.01 *et seq.* and specifically Minn. Stat. §13.03, subd. 6, and the stipulation of the parties, and based on a consideration of those rules and acts and all others applicable to this matter,

IT IS HEREBY ORDERED:

1. Subject to the restrictions set forth in paragraphs 2 and 3 below, Defendants will produce otherwise non-objectionable documents and information requested by Plaintiffs which Defendants contend include, consist of and/or contain data which the Defendants contend are classified as private personnel data on individuals or confidential or otherwise nonpublic under the



MAY 08 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Minnesota Government Data Practices Act.

2. The documents and information which consist of or contain data which Defendants contend are private data on individuals, or are confidential or nonpublic as described above, will be subject to the following restrictions:

a. Documents which Defendants believe to be not public under the Data Practices Act shall be stamped "confidential".

b. They will be used solely in connection with the above-entitled litigation and will not be disclosed outside this litigation.

c. They shall not be disclosed by Plaintiffs' counsel during the course of trial preparation except to the following:

(i) the Plaintiffs, the Plaintiffs' counsel and such employees of the Plaintiffs' counsel who assist in the above-captioned litigation all of whom are bound by the terms of this Protective Order;

(ii) independent experts and consultants working with counsel for the Plaintiffs who, prior to disclosure, sign an affidavit agreeing to be bound by the terms of this Protective Order; and

(iii) other persons, including possible witnesses, whose assistance is required by counsel in conducting this litigation, provided that such other persons sign an affidavit, prior to disclosure, agreeing to be bound by the terms of this Protective Order and specifically agreeing that they will not disclose any private, confidential or nonpublic data disclosed to them outside this litigation.

d. Plaintiffs' counsel agree to maintain in their possession, or as needed, in the possession of experts or consultants retained by Plaintiffs' counsel, any and all copies of the documents and information pursuant to this Order and to return all such copies to Defendants' counsel or destroy all such copies at the end of the litigation, as agreed to by Defendants' counsel.

e. The parties agree that this stipulation covers pretrial preparations only and does not apply to documents or information used or disclosed during the course of a deposition or in submissions to the court or evidence to be offered at trial.

Dated: May 7, 2002

BY THE COURT

JOHN M. MASON
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Arie Zmora, Geoffrey Tabakin, Laurinda Stryker, Robbi Hoy, and all others similarly situated
Plaintiffs,

v.

Court File No: 01-CV-1905 RHK/JMM

State of Minnesota, the Minnesota State College and University System, the Board of Trustees of the Minnesota State Colleges and Universities, St. Cloud State University, James H. McCormick, Roy H. Saigo, Richard D. Lewis, Don L. Hofsommer, and Suzanne L. Williams
Defendants,

**STIPULATION FOR PROTECTIVE ORDER**

and

The Inter-Faculty Organization
Defendant-Indispensable Party

WHEREAS, as part of the discovery in this matter, Plaintiffs have requested the production of documents and information which Defendants contend include, consist of or contain data classified as "private data" on individuals under the Minnesota Government Data Practices Act, Minn. Stat. § 13.01, *et seq.*, and specifically under Minn. Stat. § 13.43 and § 13.49, and Plaintiffs contend that state confidentiality statutes are not applicable in this litigation;

WHEREAS, under the terms of the attached Protective Order, Defendants have agreed not to use the above-referenced statutory designation as a basis for not producing certain relevant requested documents and information;

PROVIDED, that this Stipulation will not estop the Defendants from making any other objections or exceptions available to any future discovery in this case;



FILED__________
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD__________
DEPUTY CLERK__________

PROVIDED, that this Stipulation shall not constitute a waiver or estop the Plaintiffs from moving to compel the production of any documents or information not being produced by Defendants;

PROVIDED, that this Stipulation shall apply to all further information and documents sought in discovery by Plaintiffs in this litigation, except that nothing in this Stipulation shall prevent the parties from agreeing to further Stipulations for Protective Orders for other documents as this case develops;

IT IS HEREBY AGREED by and between the parties, through their respective counsel, that the attached Protective Order may be entered in the above-entitled matter.

Dated: 5-6, 2002

DANIEL W. SCHERMER, P.A.
700 Lumber Exchange Building
10 South Fifth Street
Minneapolis, Minnesota 55402
(612) 373-3200
ATTORNEY FOR PLAINTIFFS

Dated: ____________________, 2002

OPPENHEIMER, WOLFF & DONNELLY

____________________
EDWARD M. LAINE
Plaza VII, Suite 330
45 South Seventh Street
Minneapolis, Minnesota 55402-1609
(612) 607-7000
ATTORNEY FOR THE INTER FACULTY ORGANIZATION

Dated: May 6, 2002

MIKE HATCH
Attorney General
State of Minnesota

DAVID W. MERCHANT
Assistant Attorney General
Atty. Reg. No. 0163326

GARY R. CUNNINGHAM
Assistant Attorney General
Atty. Reg. No. 180610

445 Minnesota Street, Suite 1100
St. Paul, Minnesota 55101-2128
(651) 297-4217 (Voice)
(651) 296-1410 (TTY)
ATTORNEYS FOR DEFENDANTS

PROVIDED, that this Stipulation shall not constitute a waiver or estop the Plaintiffs from moving to compel the production of any documents or information not being produced by Defendants;

PROVIDED, that this Stipulation shall apply to all further information and documents sought in discovery by Plaintiffs in this litigation, except that nothing in this Stipulation shall prevent the parties from agreeing to further Stipulations for Protective Orders for other documents as this case develops;

IT IS HEREBY AGREED by and between the parties, through their respective counsel, that the attached Protective Order may be entered in the above-entitled matter.

Dated: 5-6, 2002

DANIEL W. SCHERMER, P.A.
700 Lumber Exchange Building
10 South Fifth Street
Minneapolis, Minnesota 55402
(612) 373-3200
ATTORNEY FOR PLAINTIFFS

Dated: May 6, 2002

OPPENHEIMER, WOLFF & DONNELLY

EDWARD M. LAINE
Plaza VII, Suite 330
45 South Seventh Street
Minneapolis, Minnesota 55402-1609
(612) 607-7000
ATTORNEY FOR THE INTER FACULTY ORGANIZATION

Dated: May 6, 2002

MIKE HATCH
Attorney General
State of Minnesota

DAVID W. MERCHANT
Assistant Attorney General
Atty. Reg. No. 0163326

GARY R. CUNNINGHAM
Assistant Attorney General
Atty. Reg. No. 180610

445 Minnesota Street, Suite 1100
St. Paul, Minnesota 55101-2128
(651) 297-4217 (Voice)
(651) 296-1410 (TTY)
ATTORNEYS FOR DEFENDANTS

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## ***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.