**From:** "Olson, Kim" <Kim.Olson@state.mn.us>
**To:** <pharris@hughesmathews.com>
**Date:** Tue, Jul 27, 2004 12:02 PM
**Subject:** AGO_DOCS-#1256067-v1-ZMORA_Settlement_Agreement_7_12_04.DOC

This document is being sent to you on behalf of Gary Cunningham.

If you have trouble opening this document, please contact Kim Olson, 651-282-5716.

**************************************************************************************

The information contained in this e-mail is intended only for the use of the individual or entity named above. If the reader of this e-mail is not the intended recipient, you are to refrain from reading this e-mail or examining any attachments to the e-mail. Please notify the person sending the message of the mistaken delivery immediately.

**************************************************************************************

**CC:** "Cunningham, Gary" <Gary.Cunningham@state.mn.us>

EXHIBIT 1

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Arie Zmora, Geoffrey Tabakin, Laurinda Stryker, Robbi Hoy, and all others similarly situated,

Plaintiffs,

vs.

State of Minnesota, the Minnesota State College and University System, the Board of Trustees of the Minnesota State Colleges and Universities, St. Cloud State University, James H. McCormick, Roy H. Saigo, Richard D. Lewis, Don L. Hofsommer, and Suzanne L. Williams

Defendants,

and

The Inter-Faculty Organization,

Defendant-Indispensable Party.

File No. 01-CV-1905 JEL/JGL

**SETTLEMENT AGREEMENT**

WHEREAS, the above-captioned matter was settled pursuant to several agreements including a class settlement agreement providing that a class member could bring an action in federal court based upon an alleged breach of that agreement;

WHEREAS, Dr. Geoffrey Tabakin ("Tabakin") filed a Motion to Show Cause alleging that St. Cloud State University ("SCSU") and Minnesota State Colleges and Universities ("MnSCU") breached the class settlement agreement;

WHEREAS, SCSU and MnSCU assert that the requirements of the class settlement agreement have been met and that Tabakin is not a member of the class;

NOW, THEREFORE Tabakin and SCSU covenant and agree to resolve Tabakin's

motion as follows:

1. SCSU agrees to pay Tabakin's legal fees in this matter in the amount of $10,500 by check payable to Paul Harris, Esq. This is the only monetary payment made in settlement of this matter.

2. In return for such consideration, Tabakin agrees to dismiss his Motion with prejudice. Tabakin agrees to sign any stipulation for dismissal which might be necessary or to direct his legal counsel to do the same.

3. In consideration for the payment described above, the sufficiency of which is hereby acknowledged, Tabakin for himself and his heirs, administrators, representatives, agents, attorneys, successors and assigns, releases and forever discharges SCSU, Minnesota State Colleges and Universities, and all of their present and former agents, officers, employees, attorneys and predecessors or successors in interest any claim which Tabakin had or might not have, whether or not such claims is not to him, arising out of this settlement agreements for the *Zmora* lawsuit up to the date of this execution of this document.

4. **Data Practices Statement.** Tabakin and SCSU understand that the release of information by SCSU about this matter is governed by Minn. Stat. § 13.01, *et seq.*, ("Minnesota Government Data Practices Act") and Minn. Stat. § 15.17, *et seq.*, ("Official Records Act"). Tabakin and SCSU understand that this Agreement is public data pursuant to Minn. Stat. § 13.43.

Tabakin and SCSU agree that the specific reasons that this dispute is being settled are: (1) to avoid any and all further costs of litigation; and (2) to avoid any and all further risks of litigation. Tabakin and SCSU agree that the statement of specific reasons in this paragraph for settling this dispute complies with the requirements of Minn. Stat. § 13.43, subd. 2(a)(6) (2002).

5. **No Admission of Liability.** It is expressly understood and agreed as a condition

hereof that this Agreement shall not constitute nor be construed to be an admission of any wrongdoing or liability on the part of Tabakin or SCSU. Tabakin and SCSU expressly deny any wrongdoing or liability to each other.

6. **Entire Agreement.** Tabakin and SCSU agree that this Agreement constitutes the entire agreement between them and no modification of this Agreement and/or other promises or agreements shall be binding unless in writing and signed by all the parties hereto.

7. **Severability.** Tabakin understands and agrees that the invalidity or partial invalidity of any portion of this Agreement shall not invalidate the remainder of it, and the remainder shall remain in full force and effect.

8. **Governing Law.** This Agreement is to be interpreted and enforced in accordance with the laws of the State of Minnesota.

9. **Signature.** Tabakin agrees that he has read this Agreement, knows its contents and has signed it as a free and voluntary act having had adequate opportunity to consider its terms and conditions.

Dated:

HUGHES MATHEWS, P.A.

PAUL R. HARRIS
Atty. Reg. No. __________
Suite 200
110 Sixth Avenue South
P. O. Box 548
St. Cloud, MN 56302-0548
(320) 251-4399

ATTORNEY FOR PLAINTIFF ZMORA

Dated:

MIKE HATCH
Attorney General
State of Minnesota

GARY R. CUNNINGHAM
Assistant Attorney General
Atty. Reg. No. 180610
445 Minnesota Street, Suite 1100
St. Paul, Minnesota 55101-2128
(651) 282-5705 (Voice)
(651) 296-1410 (TTY)

ATTORNEYS FOR DEFENDANTS

AG: #1256067-v1